Gregory J. Dubinsky (*admitted pro hac vice*)
gdubinsky@hsgllp.com
Aaron P. Mattis (*admitted pro hac vice*)
amattis@hsgllp.com
Nicholas H. Hallock (*admitted pro hac vice*)
nhallock@hsgllp.com
HOLWELL SHUSTER
& GOLDBERG LLP
425 Lexington Ave., 14th Floor
New York, NY 10017
Telephone: (646) 837-5151
Facsimile: (646) 837-5150

Andrew B. Breidenbach, Esq. (State Bar No. 281586)
abreidenbach@tocounsel.com
THEODORA ORINGHER PC
1840 Century Park East, Suite 500
Los Angeles, California 90067-2120
Telephone: (310) 557-2009
Facsimile: (310) 551-0283

Attorneys for Defendant Rumble Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| MIKE GOLDSTEIN, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>RUMBLE INC.,<br><br>Defendant. | Case No. 2:25-cv-06304 MWF (SKx)<br><br>**DEFENDANT'S ANSWER TO THE FIRST AMENDED COMPLAINT**<br><br>Trial Date: None Set |

Defendant Rumble Inc. ("Rumble"), pursuant to Federal Rule of Civil Procedure 8, hereby answers the First Amended Complaint (the "FAC"), Dkt. 28, filed by Plaintiff Mike Goldstein ("Goldstein").

All allegations not expressly admitted herein are denied. To the extent that the headings or titles in the FAC are characterized as substantive allegations, they are hereby denied. Rumble denies that it is liable to Goldstein for the violation(s) alleged in the FAC. By acknowledging the existence of or referring the Court to documents, reports, or testimony, Rumble makes no admission as to the truth of the contents of such documents, reports, or testimony, and reserves all rights (and waives no rights) to argue that such documents, reports, or testimony, or any other documents, reports, or testimony referenced therein, are objectionable as hearsay or on any other ground. Rumble expressly reserves the right to amend and/or supplement this Answer, including but not limited to the defenses and affirmative defenses set forth herein, as may be necessary.

Incorporating the foregoing, Rumble responds to the individual paragraphs of the FAC in like-numbered paragraphs as follows:

## **NATURE OF THE CASE**

1. This is a class action suit brought against Defendant for privacy violations pursuant to the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code. § 630, *et seq.*

**ANSWER**: Paragraph 1 contains a characterization of Goldstein's lawsuit, to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 1, except admits that Goldstein purports to bring a putative class action lawsuit. Rumble reserves all rights to oppose any purported amendment by Goldstein of the purported class and/or class period and reserves all rights to oppose any motion for class certification.

2. Defendant owns and operates rumble.com (the "Website"), an online video platform which provides its visitors with various forms of video content.

**ANSWER**: Rumble is a U.S. holding company that directly or indirectly owns both Rumble Canada Inc. ("Rumble Canada"), the Canadian entity that owns the intellectual property behind the rumble.com website, and Rumble USA Inc. ("Rumble USA"), the entity that operates the rumble.com website. Rumble admits that rumble.com is an online platform that hosts video content.

3. Unbeknownst to its Website visitors, Defendant has knowingly installed pixels and other tracking technologies developed by third party advertisers, including the Meta Pixel, to intercept, collect, and disclose its Website visitors' personally identifiable information ("PII") relating to specific videos that the Website visitors have viewed.

**ANSWER**: Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Rumble responds as follows: (1) "pixels and other tracking technologies" is vague and does not provide adequate notice for Rumble to admit or deny the claim; (2) Rumble lacks sufficient information to form a belief as to what is "unbeknownst" to unspecified alleged Website visitors; (3) Rumble admits that the entity now known as Rumble Canada installed the Meta Pixel code on the rumble.com website; and (4) Rumble otherwise denies the allegations in Paragraph 3.

4. Defendant knowingly discloses and aids and abets the interception of this information to third-party tracking, analytic, and advertising providers so that they can target specific users with tailored advertisements based on their viewing history and website activity.

**ANSWER**: Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 4.

5. Defendant discloses, and allows other third parties to intercept, its Website visitors' statutorily protected information and PII without their knowledge or

consent. In doing so, Defendant has violated CIPA, and the privacy rights of Plaintiff and the other Class members.

**ANSWER**: Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 5.

6. Accordingly, Plaintiff brings this class action for legal and equitable remedies to redress and put a stop to Defendant's practices of knowingly disclosing and aiding the interception of its Website visitors' statutorily protected information to third-parties.

**ANSWER**: Paragraph 6 contains a characterization of Goldstein's lawsuit, to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 6.

## JURISDICTION AND VENUE

7. This Court may assert subject matter jurisdiction over Defendant pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) because at least one Class member is of diverse citizenship from Defendant, there are more than one hundred Class members nationwide, and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs.

**ANSWER**: Paragraph 7 contains legal conclusions to which no response is required.

8. This Court has personal jurisdiction over Defendant because a substantial part of the events giving rise to the claims asserted herein occurred in this District, as Plaintiff resides in this District and was subject to Defendant's unlawful conduct in this District.

**ANSWER**: Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies that Goldstein was subject to any unlawful conduct by Rumble, lacks knowledge or information

sufficient to form a belief as to Goldstein's residence, and otherwise denies the allegations in Paragraph 8.

9. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to this action occurred in this District.

**ANSWER**: Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 9.

## PARTIES

10. Plaintiff Mike Goldstein is a resident within the State of California.

**ANSWER**: Rumble lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Defendant Rumble Inc. is a corporation organized and existing under the laws of the State of Delaware and doing business in the State of California.

**ANSWER**: Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Rumble admits that it is a corporation organized under Delaware law and that California residents use rumble.com. "Doing business" is vague and does not provide adequate notice for Rumble to admit or deny the claim.

## COMMON FACTUAL ALLEGATIONS

### I. The California Invasion of Privacy Act.

12. CIPA was enacted "to protect the right of privacy of the people of [California]." Cal. Penal Code § 630. The California Legislature was concerned about emergent technologies that allowed for "eavesdropping upon private communications," believing such technologies "created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." *Id.*

**ANSWER**: Paragraph 12 purports to characterize the contents of Cal. Penal Code § 630, to which Rumble respectfully refers the Court for its complete and accurate contents.

13. As part of CIPA, the California Legislature enacted § 631(a), which prohibits any person or entity from [i] "intentionally tap[ping], or mak[ing] any unauthorized connection … with any telegraph or telephone wire," [ii] "willfully and without the consent of all parties to the communication … read[ing], or attempt[ing] to read, or to learn the contents or meaning of any … communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within [California]," or [iii] "us[ing], or attempt[ing] to use … any information so obtained."

**ANSWER**: Paragraph 13 purports to characterize the contents of Cal. Penal Code § 631(a), to which Rumble respectfully refers the Court for its complete and accurate contents.

14. CIPA § 631(a) also penalizes [iv] those who "aid[], agree[] with, employ[], or conspire[] with any person" who conducts the aforementioned wiretapping, or those who "permit" the wiretapping.

**ANSWER**: Paragraph 14 purports to characterize the contents of Cal. Penal Code § 631(a), to which Rumble respectfully refers the Court for its complete and accurate contents.

15. § 631(a) is not limited to phone lines, but also applies to "new technologies" such as computers, the Internet, and email. *Jee Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

**ANSWER**: Paragraph 15 purports to characterize the contents of *Jee Javier v. Assurance IQ, LLC*, 2022 WL 1744107 (9th Cir. May 31, 2022), to which Rumble respectfully refers the Court for its complete and accurate contents.

16. Individuals may bring an action under CIPA §§ 631 for $5,000 per violation. Cal. Penal Code § 637.2(a)(1).

**<u>ANSWER</u>**: Paragraph 16 purports to characterize the contents of Cal. Penal Code § 637.2(a)(1), to which Rumble respectfully refers the Court for its complete and accurate contents.

**II. Defendant Intercepted and Disclosed its Website Visitors' Contents of their Electronic Communications to Third Parties.**

17. Defendant owns and operates rumble.com, an online video platform with various forms of video content.

**<u>ANSWER</u>**: Rumble is a U.S. holding company that directly or indirectly owns both Rumble Canada, the Canadian entity that owns the intellectual property behind the rumble.com website, and Rumble USA, the entity that operates the rumble.com website. Rumble admits that rumble.com is an online platform that hosts video content.

18. Importantly, Website visitors are not provided notice or specifically asked to consent to Defendant sharing and disclosing, or aiding and abetting in the interception of, their PII and the contents of their communications to third parties, including information which identifies them as having viewed or requested specific video content.

**<u>ANSWER</u>**: Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 18.

19. However, despite not obtaining informed consent from its Website visitors, Defendant discloses, and aids in the interception of, the contents of their electronic communications to various third parties.

**<u>ANSWER</u>**: Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 19.

20. Specifically, a live data-traffic analysis of Defendant's Website shows that Defendant incorporated and installed third-party tracking technologies into its Website

so that whenever visitors watch video content, their PII and the contents of their electronic communications are intercepted in real time while in transit by such third parties, including by Facebook via its Meta Pixel.

**ANSWER**: Rumble lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. The Meta Pixel is a piece of code that online media providers, like Defendant, can integrate into their websites. Once activated, the Meta Pixel tracks users' PII (such as the users' identity and the specific video content they requested) and the type of actions they take on the website and disseminates that information to Facebook. Therefore, when one of Defendant's Website visitors requests to watch a video on rumble.com, the Meta Pixel sends that video request, along with the person's PII and identity, to Facebook.

**ANSWER**: Rumble denies the allegations in the first sentence of Paragraph 21, except admits that the Meta Pixel is code that can be used on websites, and otherwise lacks knowledge or information sufficient to form a belief about how other online media providers can use the Meta Pixel. The allegations in the second sentence contain legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in the second sentence of Paragraph 21 insofar as they apply to Rumble and otherwise lacks knowledge or information sufficient to form a belief insofar as the allegations pertain to other businesses. The third sentence of Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in the third sentence of Paragraph 21.

22. For example, if a Website visitor were to request to watch a video stream of a streaming content creator such as "Dr. Disrespect" playing the videogame "Tarkov," Defendant would disclose that information in the form of a URL request (as shown below), along with the identity of the Website visitor:




**ANSWER**: Rumble lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Or, if a Website visitor were to request to watch a video discussing Bitcoin being the solution to America's and China's debt crisis, Defendant would disclose that information in the form of a URL request (as shown below), along with the identity of the Website visitor:



**ANSWER**: Rumble lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Thus, Defendant collects, discloses, and aids and abets in the collection and disclosure of the contents of its Website visitors' communications, including information identifying that a Website visitor has requested specific video content.

**ANSWER**: Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 24.

25. Defendant does not, however, obtain the Website visitors' prior consent to disclose such information.

**ANSWER**: Rumble denies the allegations in Paragraph 25.

26. Defendant's Website visitors expect that they are communicating directly with Defendant via Defendant's Website, however, the contents of their communications with the Website are in fact being disclosed to, and intercepted by, undisclosed third parties including Facebook.

**ANSWER**: Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, Rumble lacks knowledge or information sufficient to form a belief as to the subjective expectations of rumble.com users and otherwise denies the allegations in Paragraph 26.

27. Facebook independently uses data obtained by the Meta Pixel from Rumble.com and other websites to create profiles of website visitors based on their internet activities to allow Facebook's clients to better target people with advertisements.

**ANSWER**: Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, Rumble lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. For example, when investigative reporters visited a gambling website which had the Meta Pixel installed, "they were bombarded with Facebook ads for

gambling websites, indicating that they had been profiled by Meta as someone interested in gambling as a result of the unlawful data sharing. In a single browsing session, they were shown gambling ads from 49 brands – not just websites that had shared their data unlawfully, but others too [emphasis added].”

**ANSWER**: Paragraph 28 purports to characterize an article in *The Guardian*, to which Rumble respectfully refers the Court for its complete and accurate contents.

29. Thus, Facebook acts as an independent third party, independently using the information it obtains from intercepting Plaintiff’s and other Website visitors’ communications with Defendant to assist other Facebook advertising clients and increase Facebook’s revenues.

**ANSWER**: Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, Rumble lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. Therefore, Defendant aided and conspired with third party tracking entities to intercept its Website visitors’ electronic communications, because Defendant knowingly installed tracking technologies on its Website and knew such communications would be intercepted as a result.

**ANSWER**: Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 30.

31. As a result, Defendant has violated the CIPA.

**ANSWER**: Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 31.

## FACTS SPECIFIC TO PLAINTIFF

32. Plaintiff has visited rumble.com on several occasions within the past year.

**ANSWER**: Rumble lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Plaintiff does not have an account on Defendant's Website nor does he have a subscription.

**ANSWER**: Rumble lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. At all relevant times, Plaintiff has been a Facebook account holder.

**ANSWER**: "At all relevant times" is vague and does not provide adequate notice for Rumble to admit or deny the claim. Rumble otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Plaintiff has used Defendant's Website to view prerecorded video materials and live video materials within the past year.

**ANSWER**: Rumble lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. Each time Plaintiff viewed video content on Defendant's Website, Defendant knowingly and intentionally disclosed, and aided and abetted in the interception of, Plaintiff's PII and the contents of his electronic communications, including specifically his viewing history and personally identifying information, as described in detail above, to third parties.

**ANSWER**: Paragraph 36 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 36.

37. Plaintiff never specifically and separately consented, agreed, authorized, or otherwise permitted Defendant to disclose, and aid in the interception of, his PII to third parties.

**ANSWER**: Rumble denies the allegations in Paragraph 37.

38. To this day, Plaintiff is unaware of the status of his PII and the contents of his electronic communications, to whom it has been disclosed, and who has possession and retained his PII as a result of Defendant's illegal conduct.

**ANSWER**: Rumble lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. By intercepting and aiding third parties to intercept Plaintiff's contents of his electronic communications, which reveals both his identity and the videos that he viewed and requested, Defendant has intentionally and knowingly violated Plaintiff's privacy rights.

**ANSWER**: Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 39.

40. As such, Plaintiff is entitled to statutory damages.

**ANSWER**: Paragraph 40 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies that Goldstein is entitled to any of the relief sought.

## CLASS ALLEGATIONS

41. Plaintiff brings this action individually and on behalf of a Class (the "Class") defined as follows:

> Class: All persons within the state of California who, during the relevant limitations period, visited www.rumble.com and requested or viewed video contents.

**ANSWER**: Paragraph 41 contains a characterization of Goldstein's lawsuit, to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 41, except admits Goldstein purports to bring a class action on behalf of a purported class that Goldstein describes. Rumble reserves all rights to oppose any purported amendment by Goldstein of the Class definition and any motion for class certification. Rumble denies that class certification is appropriate in this case.

42. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

**ANSWER**: Paragraph 42 contains a characterization of Goldstein's lawsuit, to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 42, except admits Goldstein purports to bring a class action on behalf of a purported class that Plaintiff describes. Rumble reserves all rights to oppose any purported amendment by Goldstein of the Class definition and any motion for class certification. Rumble denies that class certification is appropriate in this case.

43. Upon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class are currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

**ANSWER**: Paragraph 43 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 43, except admits Goldstein purports to bring a class action on behalf of a purported class that Goldstein describes. Rumble reserves all rights to oppose any purported amendment by Goldstein of the Class definition and any motion for class certification. Rumble denies that class certification is appropriate in this case.

44. Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's privacy violations.

**ANSWER**: Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 44, except admits Goldstein purports to bring a class action on behalf of a purported class that Goldstein describes. Rumble reserves all rights to oppose any purported amendment by Goldstein of the Class definition and any motion for class certification. Rumble denies that class certification is appropriate in this case.

45. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

a. Whether Defendant knowingly disclosed Class members' personal video viewing information to third parties;

b. Whether Defendant knowingly disclosed the contents of Class members' electronic communications to third-parties;

c. Whether Class members provided consent to Defendant's disclosure of their communications to third parties;

d. Whether Defendant aided third parties in the interception of Class members' communications on its Website;

e. Whether the Class members are entitled to damages and other relief as a result of Defendant's conduct.

**ANSWER**: Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 45, including all of its subparts, except admits Goldstein purports to bring a class action on behalf of a purported class that Goldstein describes. Rumble denies that class certification is appropriate in this case.

46. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

**ANSWER**: Paragraph 46 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 46, except admits Goldstein purports to bring a class action on behalf of a

purported class that Goldstein describes. Rumble denies that class certification is appropriate in this case.

47. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

**ANSWER**: Paragraph 47 contains legal conclusions to which no response is required. To the extent a response is required, Rumble lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, except admits Goldstein purports to bring a class action on behalf of a purported class that Goldstein describes. Rumble denies that class certification is appropriate in this case.

48. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**ANSWER**: Paragraph 48 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 48, except admits Goldstein purports to bring a class action on behalf of a purported class that Goldstein describes. Rumble denies that class certification is appropriate in this case. Rumble denies that Goldstein and any putative class members are entitled to any of the relief sought.

## FRAUDULENT CONCEALMENT AND TOLLING

49. The applicable statute of limitations are tolled by virtue of Defendant's knowing and active concealment of the facts alleged above. Plaintiff and the other

Class members were ignorant of the information essential to the pursuit of these claims, without any fault or lack of diligence on their own part.

**ANSWER**: Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 49.

50. At the time the action was filed, Defendant was under a duty to disclose the true character, quality, and nature of its activities to Plaintiff and the Class. Defendant is therefore estopped from relying on any statute of limitations.

**ANSWER**: Paragraph 50 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 50.

51. Defendant's fraudulent concealment is common to the Class.

**ANSWER**: Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 51. Rumble denies that class certification is appropriate in this case.

## COUNT ONE

### Violations of the California Invasion of Privacy Act
### Cal. Pen. Code § 631(a)
### (On behalf of Plaintiff and the Class)

52. Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

**ANSWER**: Rumble repeats and realleges its answers to each and every allegation contained above as though fully set forth herein.

53. CIPA § 631(a) imposes liability for "distinct and mutually independent patterns of conduct." *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192-93 (1978). Therefore, to establish liability under CIPA § 631(a), a plaintiff need only establish that the defendant "by means of any machine, instrument, contrivance, or in any other manner," committed any of the following:

(i) intentionally tapped, or made any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, cable, or instrument of any internal telephonic communication system;

*or*

(ii) willfully and without consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state;

*or*

(iii) uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained;

*or*

(iv) aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit or cause to be done any of the acts or things mentioned above in this section. Cal. Pen. Code § 631(a).

**ANSWER**: Paragraph 53 purports to characterize the contents of *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187 (1978), and Cal. Penal Code § 631(a), to which Rumble respectfully refers the Court for their complete and accurate contents.

54. The third-party activity tracking technologies Defendant programmed into its Website are each a "machine, instrument, contrivance, or … other manner" used to read or learn the contents or meaning of messages, reports, or communications between Plaintiff and the other Class members and Defendant.

**ANSWER**: Paragraph 54 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 54.

55. Defendant's third-party tracking providers were third parties to communications between Plaintiff and the other Class members and Defendant.

**ANSWER**: Paragraph 55 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 55.

56. Defendant's third-party tracking providers willfully and without the consent of all parties to the communication, or in any unauthorized manner, read, attempted to read, and/or learned the contents or meaning of electronic communications between Plaintiff and the Class members, on the one hand, and Defendant, on the other, while the electronic communications were in transit or were being sent from or received at a place within California.

**ANSWER**: Paragraph 56 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 56.

57. Defendant aided and conspired, agreed with, employed, permitted, or otherwise enabled its third-party tracking providers to wiretap Plaintiff's and the other Class members' PII and the contents of their electronic communications with Defendant. Defendant knew that the third-party tracking technology it installed on its Website would result in the disclosure of user communications to third parties, as increasing its advertising presence on other platforms was one of Defendant's purposes for implementing such technology.

**ANSWER**: Paragraph 57 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 57.

58. Plaintiff and the other Class members did not provide their prior consent to such third parties' access, interception, reading, learning, recording, collection, and usage of their electronic communications. Nor did Plaintiff and the other Class

members provide their prior consent to Defendant aiding, agreeing with, employing, permitting, or otherwise enabling its third-party vendors' conduct.

**ANSWER**: Paragraph 58 contains legal conclusions to which no response is required. To the extent a response is required, Rumble denies the allegations in Paragraph 58.

59. Plaintiff and the other members of the Class seek all relief available under Cal. Pen. Code § 637.2, including injunctive relief and statutory damages of $5,000 per violation.

**ANSWER**: Rumble denies that Goldstein and/or the putative class are entitled to any of the relief sought.

Answering Goldstein's Prayer for Relief, Rumble denies that Goldstein and/or the putative class are entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

Rumble asserts the following defenses without assuming the burden of proof or any other burden if such burden would otherwise be on Goldstein.

### FIRST AFFIRMATIVE DEFENSE

Goldstein and any putative class members lack standing, either individually or in a representative capacity, to assert the claims in the FAC.

### SECOND AFFIRMATIVE DEFENSE

Goldstein's and any putative class members' claims are barred because this suit is subject to dismissal in its entirety on the basis of a binding forum selection clause requiring, in substance, that Goldstein litigates any claims arising from his use of rumble.com in the courts of Ontario, Canada.

### THIRD AFFIRMATIVE DEFENSE

Goldstein's and any putative class members' claims are barred because this suit is subject to dismissal for *forum non conveniens*.

**FOURTH AFFIRMATIVE DEFENSE**

Goldstein's and any putative class members' claims are barred as against Rumble because Rumble does not operate or directly own the rumble.com website and thus is not a proper party to this action.

**FIFTH AFFIRMATIVE DEFENSE**

Goldstein's and any putative class members' claims are barred, in whole or in part, because Goldstein has failed to join one or more indispensable parties.

**SIXTH AFFIRMATIVE DEFENSE**

Goldstein's and any putative class members' claims are barred because the FAC fails to allege facts sufficient to state a claim upon which relief may be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

Goldstein's and any putative class members' claims are barred, in whole or in part, because any disclosure allegedly made by Rumble or any third party was made with the required consent and/or authorization of the relevant individual.

**EIGHTH AFFIRMATIVE DEFENSE**

Goldstein and any putative class members are not entitled to any recovery from Rumble, because any injury allegedly suffered by Goldstein or any putative class members was caused in whole or in part by the acts or omissions of persons or entities other than Rumble, including by Goldstein's and any putative class members' own conduct.

**NINTH AFFIRMATIVE DEFENSE**

Goldstein's and any putative class members' claims are barred because the private right of action to enforce Cal. Penal Code § 631(a) is preempted by federal law.

**TENTH AFFIRMATIVE DEFENSE**

Goldstein's and any putative class members' claims are barred because the California Invasion of Privacy Act violates Rumble's rights under the First Amendment to the United States Constitution and/or Article I, Section 2 of the

California Constitution, which protect the right to freedom of speech, including the dissemination of truthful information.

**ELEVENTH AFFIRMATIVE DEFENSE**

Goldstein's and/or any putative class members' claims are barred, in whole or in part, because application of the California Invasion of Privacy Act violates the Dormant Commerce Clause and/or the Due Process Clause of the United States Constitution.

**TWELFTH AFFIRMATIVE DEFENSE**

Goldstein's and any putative class members' claims are barred because the putative class alleged in the FAC cannot be certified under Rule 23 of the Federal Rules of Civil Procedure.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Goldstein is not entitled to be appointed class representative for any putative class.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Goldstein's counsel is not entitled to be appointed class counsel for any putative class.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Goldstein and the putative class are not entitled to the relief requested, in whole or in part, because, under the facts and circumstances of this case, any such recovery would be excessive, unjust, arbitrary, oppressive, confiscatory and/or unconstitutional under federal and/or state constitutional provisions of due process, equal protection, and/or excessive fines clauses.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Goldstein's claims and/or the claims of some or all of the putative class members are barred, in whole or in part, by the doctrines of *de minimis non curat lex*, laches, waiver, estoppel, unclean hands, assumption of risk, acquiescence, ratification, avoidable consequences, consent, offset, unjust enrichment, and/or failure to mitigate.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Goldstein's and any putative class members' claims are barred, in whole or in part, because they failed to bring their causes of action within the time period required by the applicable statute of limitations.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Because Goldstein seeks statutory damages on behalf of himself and putative class members, Goldstein and putative class members have an adequate remedy at law. Goldstein and the putative class members are therefore not entitled to equitable relief.

**NINETEENTH AFFIRMATIVE DEFENSE**

Goldstein's and any putative class members' claims are barred because Rumble lacks the requisite scienter, including specific intent and/or willfulness, necessary to establish violations of Cal. Penal Code § 631(a).

**TWENTIETH AFFIRMATIVE DEFENSE**

Goldstein's and any putative class members' claims are barred, in whole or in part, because California law does not apply extraterritorially to persons who do not reside in California and/or to conduct occurring outside California.

**RESERVATION OF DEFENSES**

Additional facts may be revealed by future discovery that support additional defenses and affirmative defenses presently available to, but unknown to, Rumble. Rumble therefore reserves the right to assert additional defenses, counterclaims, and third-party claims not asserted herein of which it may become aware through discovery or other investigation as may be appropriate.

**PRAYER FOR RELIEF**

Rumble respectfully requests entry of judgment granting the following relief:

a. dismissing the FAC in its entirety with prejudice and granting judgment in favor of Rumble on all claims;

b. awarding the costs of defending this action, including attorneys' fees, costs, and disbursements, to the extent permitted by applicable law; and

c. granting such further relief as this Court may deem proper and just.

Dated: June 22, 2026

Respectfully submitted,

/s/ *Andrew B. Breidenbach*
Andrew B. Breidenbach, Esq. (Bar No. 281586)
abreidenbach@tocounsel.com
**THEODORA ORINGHER PC**
1840 Century Park East, Suite 500
Los Angeles, CA 90067
Telephone: (310) 557-2009
Facsimile: (310) 551-0283

Gregory J. Dubinsky (*admitted pro hac vice*)
gdubinsky@hsgllp.com
Aaron P. Mattis (*admitted pro hac vice*)
amattis@hsgllp.com
Nicholas H. Hallock (*admitted pro hac vice*)
nhallock@hsgllp.com
**HOLWELL SHUSTER**
**& GOLDBERG LLP**
425 Lexington Ave., 14th Floor
New York, NY 10017
Telephone: (646) 837-5151
Facsimile: (646) 837-5150